W. M. CHAMBERLAIN and STURTZ & EWAN, for plaintiff in error.

J. F. WITTER, for defendant in error.

PER CURIAM.

### Abstract of the Decision.

APPEAL AND ERROR, § 278*—*when judgment entered on sustaining a demurrer not final.* A judgment rendered against a plaintiff for costs on sustaining a demurrer to his declaration is not a final judgment which is reviewable on writ of error, where it does not adjudge that plaintiff take nothing by his suit and that defendant go hence without day, etc.

------

### H. J. Bennett, Appellant, v. Fred Nicholson et al., Appellees.

### Gen. No. 5,968.    (Not to be reported in full.)

Appeal from the Circuit Court of Stark county; the JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1914. Dismissed. Opinion filed May 21, 1914.

### Statement of the Case.

Action by H. J. Bennett against Fred Nicholson and others to recover on a promissory note. After a motion for a new trial had been denied the following entry was made: "It is hereby ordered by the court that judgment be and the same is hereby entered on the verdict." From such supposed judgment, plaintiff appeals.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

A. P. MILLER and DAUGHERTY & MARSH, for appellant.

JAMES H. RENNICK and JAMES H. ANDREWS, for appellees.

PER CURIAM.

### Abstract of the Decision.

1. JUDGMENT, § 2*—*when entry not a judgment.* An entry which does not show for whom or against whom it is rendered is not a judgment.

2. APPEAL AND ERROR, § 334*—*necessity for judgment.* An appeal will not lie from an entry of the court which is not a judgment, for the reason that it does not show for whom or against whom it was rendered.

3. APPEAL AND ERROR, § 784*—*sufficiency of bill of exceptions.* On appeal from a judgment rendered after a motion for a new trial was denied, the bill of exceptions, though it embodies the motion for a new trial, is insufficient where it contains no recitation that any verdict was rendered or any motion for a new trial made, or any decision of such motion adverse to appellant.

4. APPEAL AND ERROR, § 814*—*necessity that bill of exceptions contain instructions.* A bill of exceptions should contain all the instructions on which rulings thereon are assigned as error.

5. APPEAL AND ERROR, § 768*—*matter which should not be certified in record.* It is not the province of the clerk to certify in the record what instructions were requested by the parties or what ruling the court made thereon.

---

Jult L. Hammalle et al., Appellees, v. Lafe Lebensberger, Appellant.

### Gen. No. 5,805.    (Not to be reported in full.)

Appeal from the Circuit Court at La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed July 31, 1914.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.